IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPITAL CITY CAB SERVICE, INC., and AYAL SALAME,<br>    Plaintiffs<br><br>v.<br><br>SUSQUEHANNA AREA REGIONAL AIRPORT AUTHORITY, et al.,<br>    Defendants | Civil Action No. 1:06-CV-671<br><br>(Chief Judge Kane) |

## MEMORANDUM

Before the Court is Plaintiffs' motion for leave to file a second amended complaint. (Doc. No. 28.) The parties have briefed the motion, and it is ripe for disposition. For the following reasons, the motion will be granted in part and denied in part.

**I.   BACKGROUND**

   **A.   Procedural Background**

On November 27, 2006, this Court granted Defendants' motion to dismiss Plaintiffs' amended complaint (Doc. No. 11) pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 26.) In the order, the Court allowed Plaintiffs ten (10) days to file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a). (Doc. No. 26.) On December 5, 2006, Plaintiffs filed a motion for leave to file a second amended complaint (Doc. No. 28) and filed a brief in support of the motion on December 19, 2006 (Doc. No. 29). Plaintiffs' proposed second amended complaint includes two counts: a federal antitrust claim and an equal protection claim. Plaintiffs' complaint seeks injunctive as well as monetary relief. Defendants filed a brief in opposition on January 3, 2007 (Doc. No. 32), and Plaintiffs replied on January 12, 2007 (Doc. No. 33).

B.  **Factual Background**

Most of the pertinent factual allegations in this case are addressed in the Court's November 27, 2006, order. (Doc. No. 26.) Because Plaintiffs proposed second amended complaint includes several new allegations that require elaboration, a brief summary is necessary.

Capital City Cab Services, Inc. ("Capital City"), is a taxicab company located in Harrisburg, Pennsylvania, and owned by Plaintiff Ayal Salame. Salame is an Israeli-born United States citizen. In 2004, Defendants Susquehanna Area Regional Airport Authority ("SARAA") and American Taxi, a competitor of Capital City, entered into an exclusive operating agreement at Harrisburg International Airport ("HIA") after a competitive-bidding process. That agreement, according to Plaintiffs, substantially limits Capital City's ability to compete for outbound fares from the airport because American Taxi has exclusive access to the garage facilities as well as the queue. In the second amended complaint, Plaintiffs additionally allege that American Taxi and Alfred Testa, who served as the Director of Aviation at SARAA during the time relevant to this case, worked in concert to ensure that American Taxi would win the contract by manipulating insurance requirements throughout the bidding process.

Salame and many of Capital City's taxicab drivers are Muslim. Many of the drivers speak Arabic as their primary language, but are United States citizens or legal residents. Plaintiffs allege that Testa refused to allow Capital City's drivers to conduct prayer rituals at HIA.[1] Plaintiffs also claim that Testa, on multiple occasions, stated that "he wanted 'no Arabs at

---

[1] In their reply brief, Plaintiffs indicate that they are not asserting First Amendment claims against SARAA. (Doc. No. 33, at 10.) Rather, it is Plaintiffs' position that denying Capital City's drivers the right to pray at HIA supports Plaintiffs' claims of intentional discrimination under the Equal Protection Clause.

his airport' and for Capital City to send 'only American cab drivers down here (to HIA for fares).'" (Proposed Second Am. Compl. ¶ 45.)

Plaintiffs also assert that American Taxi was the only white-owned taxicab company in the metropolitan market. Defendant American Taxi is owned and managed by Josie and James Salinger. Non-parties United Cab and Keystone Cab are owned by Maher Saber, an Egyptian national. Penn Central Taxi is owned by Manuel Cardona, who is Puerto Rican.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after a responsive pleading has been filed "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Courts have discretion to deny a motion for leave to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), but "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Such equitable considerations include "undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

When evaluating the last consideration, futility, the court must apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. Dismissal under Rule 12(b)(6) is proper when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Thus, if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief," Hill v. Borough of Kutztown, 455 F.3d 225, 233 (3d Cir. 2006), the Court should permit a party to amend a pleading.

## III. DISCUSSION

### A. Sherman Act claims

Section 1 of the Sherman Act provides, in relevant part, that: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States . . . is declared to be illegal." 15 U.S.C. § 1. Plaintiffs allege that Defendants' exclusive operating agreement violates the Sherman Act because it reduces access to the garage facility at HIA and limits taxicabs' ability to acquire outgoing fares. (Proposed Second Am. Compl. ¶ 22.) Plaintiffs further allege that Defendants colluded to restrict Plaintiffs' access to outgoing fares. (Id.)

Throughout the briefs, Plaintiffs' arguments focus on whether Pennsylvania state law allows SARAA to enter into the exclusive contract.[2] Whether the Municipal Authorities Act, 53 Pa. Cons. St. §§ 5601-5622, authorized SARAA to enter in the contract at issue has already been decided by this Court. It does. (Doc. No. 26, at 12) ("[T]he Court finds no basis for a determination that SARAA exceeded the broad discretion afforded it under the [Municipal Authorities Act] by entering into an exclusive contract."). Plaintiffs' argument that the Pennsylvania Public Utility Commission has sole jurisdiction over a common carrier's coverage area is equally unpersuasive in deciding whether federal antitrust law prohibits the exclusive operating arrangement at issue before the Court.

In order to state an claim that an exclusive operating agreement violated federal antitrust

---

[2] The first two of Plaintiffs' three questions presented are (1) "Does the [Municipal Authorities Act] deny Defendant SARAA the explicit power to issue an exclusive contract?" and (2) "Does the regulatory power of the Pennsylvania Public Utility Commission preempt the power of Defendant SARAA to regulate taxicab service at Harrisburg International Airport?" The third (and last) question relates to Plaintiffs' Equal Protection claim.

law, a plaintiff has the burden to define the relevant product and geographic markets in which the allegedly anticompetitive conduct occurred.  Tampa Electric Co. v. Nashville Coal Co., 365 U.S. 320, 327-30 (1961); Queen City Pizza v. Domino's Pizza, 124 F.3d 430, 436 (3d Cir. 1997).  In their brief in opposition, Defendants cite to Double D Spotting Service, Inc. v. Supervalu, Inc., 136 F.3d 554 (8th Cir. 1998), for the same proposition.  In response, Plaintiffs declare that "Paragraph 22 [of the proposed second amended complaint] identified Harrisburg International Airport as the 'relevant market' Double D Spotting apparently requires."  (Doc. No. 33, at 6.)  Yet Plaintiffs "definition" is legally insufficient even under the liberal notice-pleading requirements under Federal Rule of Civil Procedure 8(a).  Elecs. Commc'ns Corp. v. Toshiba Am. Consumer Prods., 129 F.3d 240, 245 (2d Cir. 1997) ("Without any allegation as to how market-wide competition will be affected, the complaint fails to allege a claim on which relief may be granted.").  Indeed, in Queen City, the Third Circuit expressly held that a district court may dismiss a complaint "[w]here the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor. . . "  124 F.3d at 436.

Simply put, Plaintiffs' definition of the relevant market as "Harrisburg International Airport" fails to meet the minimum antitrust requirements.  Even if HIA constituted a cognizable relevant geographic market, the Court notes that "[e]xclusive dealing contracts are analyzed under the rule of reason," Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 208 F.3d 655, 660 (8th Cir. 2000), and Plaintiffs have not alleged that the anticompetitive agreement between SARAA and American Taxi was unreasonable.  Thus, Plaintiffs' antitrust claims are insufficient

as a matter of law, and amendment would be futile on Count I.

    **B.**    **Equal Protection claims**

The Fourteenth Amendment of the United States Constitution provides, in relevant part, that "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. In the proposed second amended complaint, Plaintiffs allege that Defendants, acting under color of state law, entered into the complained-of contract with the intent to discriminate against Plaintiffs on the basis of ethnicity. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977); cf. Shelley v. Kramer, 334 U.S. 1, 20-21 (1948) (Fourteenth Amendment prohibits judicial enforcement of racially restrictive covenants). Unlike Plaintiffs' previous complaint, which did not specify any different treatment of Plaintiffs, the proposed second amended complaint includes clear allegations of purposeful discrimination proscribed by the Fourteenth Amendment. Thus, the Court will grant Plaintiffs' motion for leave to amend with respect to their Equal Protection claims.

    **C.**    **Punitive Damages and Qualified Immunity**

Defendants also argue that Plaintiffs' motion for leave to amend should be denied in part because Plaintiffs cannot recover punitive damages against SARAA, Testa, or Randy Hicks (an officer of SARAA). The Court agrees that Plaintiffs cannot pursue a claim of punitive damages against SARAA itself, see Moore v. SARAA, No. 02-0535, 2005 WL 2430790, at *8 (M.D. Pa. Sept. 30, 2005), but may maintain such claims against the individual defendants, id.

Defendants also argue that the individual defendants enjoy qualified immunity. However, the Third Circuit has held that "a civil rights complaint filed under § 1983 against a government official need only satisfy the notice pleading standard of Rule 8(a), regardless of the availability

6

of a qualified immunity defense." Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006).  In this case, it is clear that Plaintiffs can state an Equal Protection claim, and therefore amendment will not be futile.  Accordingly, the Court will permit Plaintiffs to amend the pleadings to include their Equal Protection claims.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will grant in part Plaintiffs' motion to file a second amended complaint.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPITAL CITY CAB SERVICE, INC.,  : | |
| and AYAL SALAME,  : | Civil Action No. 1:06-CV-671 |
|     Plaintiffs  : | |
|   : | (Chief Judge Kane) |
| v.  : | |
|   : | |
| SUSQUEHANNA AREA REGIONAL  : | |
| AIRPORT AUTHORITY, et al.,  : | |
|     Defendants  : | |

**ORDER**

**AND NOW**, on this 18th day of April, 2007, upon consideration of the parties' arguments in the briefs and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for leave to file a second amended complaint is **GRANTED** in part and **DENIED** in part as follows:

(1) Plaintiffs' proposed amendments in Count II (equal protection) will be allowed.

(2) Plaintiffs' proposed amendments to Count I (antitrust) will be stricken.

(3) Plaintiffs' claims for punitive damages against SARAA will be stricken.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania